1  A. Eric Bjorgum (SBN 198392)
   Marc Karish (SBN 205440)
2  KARISH & BJORGUM, PC
   16 North Marengo St., Suite 307
3  Pasadena, California 91101
   Telephone:    (213) 785-8070
4  Facsimile:    (213) 995-5010
   Eric.bjorgum@kb-ip.com
5
   Attorneys for Plaintiff and Counterdefendant
6  MEATHEAD MOVERS, INC.

7

8              UNITED STATES DISTRICT COURT

9              CENTRAL DISTRICT OF CALIFORNIA

10

11 | MEATHEAD MOVERS, INC. a          | Case No.2:14-cv—1278 DMG (VBKx)
   | California corporation,           |
12 |                                   |
   |         Plaintiff,                | [Proposed] STIPULATED
13 |                                   | PROTECTIVE ORDER
   | vs.                               |
14 |                                   | NOTE CHANGES MADE BY THE COURT.
   | SKINNY WIMP MOVING CO.;           |
15 | LANCE CLAUSON; and                |
   | DOES 1-10, inclusive,             |
16 |                                   |
   |         Defendants.               |
17 |_____|
   |                                   |
18 | LANCE CLAUSON,                    |
   |                                   |
19 |         Counterclaimant,          |
   |                                   |
20 | vs.                               |
   |                                   |
21 | MEATHEAD MOVERS, INC.,            |
   |                                   |
22 |         Counterdefendant.         |

23

24

25

26

27

28

                            1
             STIPULATED PROTECTIVE ORDER

Pursuant to Stipulation of the parties, IT IS HEREBY ORDERED that the following Protective Order shall govern the disclosure of confidential, trade secret, and/or proprietary information provided by the parties in this action.

1. When used in this Protective Order, the words set forth below shall have the following meanings:

   a. The word "Documents" is used herein in the broadest sense permitted under the Federal Rules of Civil Procedure. In particular, it means the original (or identical duplicate when the original is not available) of all objects, tangible or intangible, from which information may be derived or discerned, and specifically includes all form of Electronic Data and other information stored on Electronic Media. By way of example only, the word "Document" shall include notes, correspondence, memoranda, contracts, agreements, sound recordings, minutes, diaries, notebooks, bulletins, circulars, forms, statements, journals, letters, telegrams, notices, interoffice and intra office Communications, electronic mail, photocopies, studies, analyses, messages, comparisons, graphs, charts, compilations, drawings, receipts, schedules, summaries, films, photographs, tapes, electronic data, computer data bases, computer codes, computer printouts, software, books, pamphlets, periodicals, reports, notations, messages, cables, videotapes, magazines, booklets, instructions, purchase orders, bills, checks, tabulations, questionnaires, surveys, sketches, working papers, indexes, records of purchase of sale, leases, invoices, expense records, trip reports, press releases, appraisals, valuations, estimates, opinions, financial statements, accounting records, income statements (including consolidated income statements), electronic or other transcriptions or taping of telephone or personal conversations, conferences or meetings, telephone logs, appointment calendars, calendars, group scheduler calendars, paintings, minutes, financial reports, accounting reports, facsimiles, facsimiles transmission reports, or logs, teletype messages, directories, computer directories, computer disks, computer tapes, computer media, or any other written, printed, typed, punched, taped, filmed or other electronic media.

2
STIPULATED PROTECTIVE ORDER

b.  "Discovery Materials" means Documents produced in response to requests for production or pursuant to subpoena.

c.  "Disclose" means to reveal, divulge, give, or make available Discovery Materials, or any part thereof, or any information contained therein.

2. Any party may designate as "Confidential" or "Highly Confidential -- Attorneys' Eyes Only" any document produced by such party by stamping the document "Confidential" or "Highly Confidential -- Attorneys' Eyes Only." "Confidential" or "Highly Confidential -- Attorneys' Eyes Only" information includes information that (1) is secret; (2) is proprietary; (3) is a trade secret; (4) contains non-public information regarding product research or development, marketing strategy, the party's finances, or the party's personnel; (5) is privileged from disclosure by an individual's right to privacy; or (6) contains other information, the disclosure of which will cause harm to the party disclosing such information. All Discovery Materials designated as "Confidential" or "Highly Confidential -- Attorneys' Eyes Only" shall be accorded the protections set forth in this Protective Order, and the contents thereof, or any information contained therein, shall not be disclosed to any person or entity except in accordance with the terms, conditions, and restrictions of this Protective Order.

3. All Discovery Materials designated as "Confidential" or "Highly Confidential -- Attorneys' Eyes Only" shall be used solely for the prosecution and defense of the claims in the above-entitled action. "Confidential" or "Highly Confidential -- Attorneys' Eyes Only" Discovery Materials shall not be used by any party other than the producing party for any other purpose, including, without limitation, business or commercial purposes.

4. Any "Confidential" or "Highly Confidential -- Attorneys' Eyes Only" designation which is inadvertently omitted during document production, in responding to interrogatories or in connection with a deposition, may be corrected by written notification to all counsel of record. Upon receipt of such written notification, all information so designated shall be subject to this Protective Order as if it had been

initially so designated; provided, however, that the receiving party shall incur no liability for any prior disclosure of such information.

5.  For purposes of preparation and trial of this action, and subject to the terms, conditions, and restrictions of this Protective Order, those who receive "Confidential" information pursuant to this Protective Order may disclose such information only to the following persons:

(1) The parties and persons employed by the parties to whom access to "Confidential" information is required in order to enable a party to prepare for trial, to try this action or to engage in appellate proceedings herein;

(2) Any counsel retained by the parties, including that counsel's paralegal, secretarial, and clerical employees who are assisting counsel in the preparation and trial of this action;

(3) Counsel working on this action on behalf of any party;

(4) Deposition deponents for purposes of a deposition held in connection with this proceeding where "Confidential" information is relevant to a subject matter of which the deponent would be likely to have knowledge and witnesses called to testify at trial but only for purposes of such trial testimony;

(5) Potential witnesses in the action, but only to the extent necessary for the purpose of assisting in this action and such potential witnesses shall not be entitled to retain copies of "Confidential" information;

(6) Court reporters and other persons involved in recording or transcribing the action;

(7) Copying or microfilming services retained to handle or reproduce Discovery Materials in this action;

(8) Experts and consultants retained or consulted by the parties and/or their counsel concerning the preparation and trial of this action and the employees or independent contractors of any such experts or consultants who are assisting in the work for which the experts or consultants are engaged;

(9) The Court and any persons employed by the Court whose duties require access to any information lodged or filed in connection with this action; and

(10) Any settlement conference officer or mediator to whom disclosure of "Confidential" information is permitted by the parties in writing.

6. For purposes of preparation and trial of this action, and subject to the terms, conditions, and restrictions of this Protective Order, those who receive "Highly Confidential -- Attorneys' Eyes Only" information pursuant to this Protective Order may disclose such information only to the following persons:

(1) Only outside litigation counsel working on this action on behalf of any party and outside litigation counsel's paralegal, secretarial, and clerical employees who are assisting outside litigation counsel in the preparation and trial of this action;

(2) Counsel of the law firms of Karish & Bjorgum, PC, The Law Offices of Jeffrey D. Stulberg, and The Small Business Law Firm, P.C., working on this action on behalf of their respective clients and such counsel's paralegal, secretarial, and clerical employees who are assisting such counsel in the preparation and trial of this action;

(3) Court reporters and other persons involved in recording or transcribing the action;

(4) Copying or microfilming services retained to handle or reproduce Discovery Materials in this action;

(5) Experts and consultants retained or consulted by outside litigation counsel and/or their counsel concerning the preparation and trial of this action and the employees or independent contractors of any such experts or consultants who are assisting in the work for which the experts or consultants are engaged; and

(6) The Court and any persons employed by the Court whose duties require access to any information lodged or filed in connection with this action; and

(7) Any settlement conference officer or mediator to whom disclosure of "Highly Confidential -- Attorneys' Eyes Only" information is permitted by the parties in writing.

7. Before disclosing any "Confidential" or "Highly Confidential -- Attorneys' Eyes Only" information or the contents thereof, to any persons (except the individuals identified in paragraphs 5(6), (7), (9) and 6(3), (4), (6) above), counsel shall show the Protective Order to such person and explain to such person that the documents are confidential and are subject to this Protective Order. Counsel shall cause each person(s) to execute a copy of the "Agreement to be Bound," the form of which is attached hereto as Exhibit "A".

8. Irrespective of Paragraphs 5 and 6 above, nothing herein shall prohibit counsel for a Party from disclosing Discovery Material to any person whom the particular item of Discovery Material clearly identifies as an author, addressee, or copy recipient of the particular item of Discovery Material; and, regardless of designation pursuant to this Stipulation and Protective Order, if a document or testimony makes reference to the actual or alleged conduct or statements of a person who is a potential witness, counsel may discuss such conduct or statements with such witness without revealing any portion of the Discovery Material other than that which specifically refers to such conduct or statements, and such discussion shall not constitute disclosure within the terms of this Stipulation and Protective Order.

9. To the extent any deposition taken in this action concerns "Confidential" or "Highly Confidential -- Attorneys' Eyes Only" information, any party or nonparty may designate all or a portion of the transcript of such deposition as "Confidential" or "Highly Confidential -- Attorneys' Eyes Only" information while the deposition is in progress, or by providing counsel for all parties with specific designations of the pages and lines in the transcript that the designating party considers to be "Confidential" or "Highly Confidential -- Attorneys' Eyes Only" within fourteen (14) business days of the designating party's receipt of a copy of the deposition transcript, in which case all counsel receiving such notice shall mark the copies or portions of the designated transcript in their possession or under their control as directed by the designating party.

10. To the extent "Confidential" or "Highly Confidential -- Attorneys' Eyes

Only" information is filed with the Court, whether as an exhibit to a submission or referenced within a submission, the parties shall proceed according to the procedures set forth in Local Rule 79-5 of the United States District Court for the Central District. Consistent with Local Rule 79-5, the party seeking to submit the Confidential Information shall submit an application, a proposed order, and the Confidential Information for filing under seal, and may file the Confidential Information under seal only if the Court so orders.

11. If any party wishes to disclose any Discovery Materials received from another party and designated as "Confidential" or "Highly Confidential -- Attorneys' Eyes Only" to any other person not identified in prior paragraphs, at least seven (7) business days prior to the date of such disclosure, notice shall be served on counsel for the party that produced the particular Discovery Materials setting forth the identity of the person to whom the information is to be disclosed, and the need and purpose for the disclosure. If counsel for the producing party does not consent to disclosure of the particular Discovery Materials in writing, the receiving party shall obtain permission from the Court prior to any disclosure of the "Confidential" or "Highly Confidential -- Attorneys' Eyes Only" information. Irrespective of the time periods in this paragraph, if a shorter time period is necessary because of time limitations associated with any court dates or deadlines, the parties shall attempt to reasonably accommodate such shorter time periods.

12. If any party disagrees with respect to the designation of information pursuant to this Protective Order, it shall notify the designating party of its disagreement in writing and the designating party and the objector(s) will thereupon confer as to the status of the subject information within ten (10) days (or such other time as the parties may agree upon) after the designating party receives the written notification. If, prior to, or at the time of such a conference, the designating party withdraws its designation of such information as being subject to this Protective Order, the designating party shall express such withdrawal in writing. If the objector and designating party are unable to

agree upon the status of the documents or materials designated as "Confidential" or "Highly Confidential -- Attorneys' Eyes Only", the objector may, within ten (10) days after the conference, challenge by motion any "Confidential" or "Highly Confidential -- Attorneys' Eyes Only" designation on any Discovery Materials. On any such motion, the party asserting the "Confidential" or "Highly Confidential -- Attorneys' Eyes Only" designation has the burden of proving that the designation is appropriate. Until a determination by the Court as to the propriety of a "Confidential" or "Highly Confidential -- Attorneys' Eyes Only" designation is made, the information shall be treated as "Confidential" or "Highly Confidential -- Attorneys' Eyes Only" pursuant to the terms of this Protective Order.

13. Nothing in this Protective Order shall prohibit a party from seeking further protection of the Discovery Materials by stipulation among all the parties or by application to the Court.

14. This Protective Order is entered without prejudice to the right of any party to waive the applicability of this Protective Order to any Discovery Materials produced by that party.

15. Within sixty (60) days of the conclusion of this lawsuit, including any appeals, all materials designated "Confidential" or "Highly Confidential -- Attorneys' Eyes Only" and any copies thereof shall be destroyed or returned to the party who produced the "Confidential" or "Highly Confidential -- Attorneys' Eyes Only" materials, upon written request. Irrespective of the above, counsel can keep one archival copy of the documents for their permanent files.

16. Notwithstanding any other provision herein, this Protective Order is not intended to be and shall not be construed as (1) a ruling on the admissibility of "Confidential" or "Highly Confidential -- Attorneys' Eyes Only" information; (2) a waiver of any objection to the production or use of any "Confidential" or "Highly Confidential -- Attorneys' Eyes Only" information on grounds of privacy, relevance, confidentiality, privilege, undue burden or otherwise; or (3) a ruling requiring the

production of any "Confidential" or "Highly Confidential -- Attorneys' Eyes Only" information.

17.  If any party who receives "Confidential" or "Highly Confidential -- Attorneys' Eyes Only" information receives a subpoena or other request seeking such information, said party shall immediately give notice to the designating party (and no later than three (3) business days of receipt of the subpoena), identifying the information sought and the time in which production or other disclosure is required, and shall object to the request or subpoena on the grounds of this Protective Order so as to afford the designating party an opportunity to obtain an order barring production or other disclosure, or to respond to the subpoena or other request for production or disclosure of such information.

18.     This Protective Order and the embodied agreements shall survive termination of this action and continue in full force and effect.

DATED: 9-29-14

_____
United States Magistrate Judge

IT IS SO ORDERED.

19. This P.O. is not applicable with regard to trial or evidentiary proceedings. The parties may apply to the presiding Judge for such confidentiality protections as they may desire.